CV 18-4260

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

TERON MELVILLE,
        Plaintiff,

V.                                        CIVIL ACTION NO. _____

"JOHN DOES" 1 – 6 , Lt. "JOHN" CAIN
POLICE OFFICERS and CITY OF NEW YORK
        Defendant

AMON, J.

POLLAK, M.J.

      Comes now **TERON MELVILLE** *(Plaintiff)*, by and through his attorney, **James Thomas, Esq.** and files this, his Complaint against New York City Police Officers **"John Does" 1-6 and Lt "John" Cain** (hereinafter called **Defendant officers**), and the City of **New York**, (hereinafter called **City**), and in support hereof, Plaintiff would show unto the Court the following matters and facts:

## COUNT ONE
## USE OF EXCESSIVE FORCE

1. This is an action at law to redress the deprivation of rights secured to plaintiff Teron Melville under the color of statute, ordinance, regulation, custom and/or to redress the deprivation of rights, privileges and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the constitution of the United States, and by Title 42 U.S.C Section 1983 and Section 1985, and arising under the law and statutes of the City of New York)

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C Section 1331.

3. Venue is proper under U. S. C Section 1391.

4. Plaintiff Teron Melville is a citizen of the United States and a resident of New York, Kings County, New York.

5.    Defendants "John Does" 1-6 and Lt. "John" Cain *NYC Defendant Officers)* are police officers employed by Defendant, the City of **New York** *(City)*, and were at all times material herein acting within the scope of their employment and under color of state law.

6.    Defendant **City** is a New York municipal corporation, and is charged with the duty to supervise, manage and control its Police Department to prevent the violation of the civil rights of its citizens.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 30 2018 ★

BROOKLYN OFFICE

7. On January 30, 2016, at approximately 10:00 p.m. Plaintiff was operating a motor vehicle traveling in a North easterly direction on Atlantic Avenue near its intersection with Vermont Street, within the city limits of **City of New York.**

8. At the mentioned time and place, Defendant **Officers**, "John Doe(s) 1-6 and Lt. "John" Cain all in **City** police vehicles, pulled up behind the plaintiff's vehicle, as it traveled up Atlantic Avenue, and turned on the flashing lights of the vehicle.

9. Plaintiff's vehicle was surrounded and caused to stop in the middle of the roadway located at Atlantic Avenue at the traffic light at Vermont Street, Brooklyn New York.

10. At all times material to this case, Defendant **Officers** had a duty under the Fourteenth Amendment to the Constitution of the United States to refrain from the use of excessive force in stopping Plaintiff's vehicle, investigating any traffic offenses of which they suspected plaintiff was guilty of and in taking Plaintiff into custody.

11. Notwithstanding that duty, Defendant **Officers** were then and there guilty of one or more of the following wrongful acts and/or omissions to act, in that they

   A. Struck Plaintiff with blunt instruments without cause or provocation;

   B. Dragged Plaintiff from the automobile;

   C. Threw Plaintiff onto the ground, while kneeing him in the back and pointing a gun in his head.

   D. Pointed gun/s to the head of Plaintiff while shouting expletives threatening Plaintiff's life.

   E. Recklessly used excessive force in order to cause Plaintiff injury.

12. After wrongfully battering Plaintiff and causing him to sustain severe and permanent injury, Defendant **Officers** wrongfully failed to assure that Plaintiff received appropriate medical treatment and left the Plaintiff in the street after detaining her without arresting her for approximately 30 minutes to an hour.

13. As a direct and proximate result of one or more of the said wrongful acts or omissions to act of Defendant **Officers**, Plaintiff suffered severe and permanent injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and other diverse injuries

14. Defendant **City** failed to adequately train Defendant **Officers** in proper arrest and detention procedures so as to ensure that Defendant **Officers** did not violate the rights of a citizen to be free from the excessive use of force under the Fourth and Fourteenth Amendments to the Constitution of the United States, and failed to adequately supervise Defendant **Officers** in order to ensure that Defendant **Officers** did not violate the rights of the Plaintiff to receive

adequate medical attention for the injuries and harm the Defendant officers caused the plaintiff upon leaving Plaintiff in the street after detention for a period of 30 minutes to an hour.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, for their wrongful violations of Plaintiff's right to be free from the excessive use of force they subjected him to in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States, in the amount of $250,000 as and for compensatory damages, punitive damages in an amount sufficient to deter such wrongful conduct in the future, plus attorney fees and costs, as provided in 42 U.S.C.A. § 1988. **Plaintiff demands trial by jury.**

## COUNT TWO
## RECKLESS INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS

Plaintiff here re-alleges the allegations of Paragraphs 1-14 of Count One as the allegations of this Count Two, as if fully set forth.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, for their violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the amount of $250,000 as and for compensatory damages, punitive damages in an amount sufficient to deter such wrongful conduct in the future, plus Plaintiff's attorney fees and costs as provided in 42 U.S.C.A. § 1988. **Plaintiff demands trial by jury.**

## COUNT THREE
## MONETARY CLAIM AGANST DEFENDANT CITY

Plaintiff here re-alleges the allegations of Paragraphs 1-14 of Counts One and Two as the allegations of this Count Three, as if fully set forth.

15. Defendant **City** is a New York municipal corporation, which operates, administers, maintains and controls the Acme Police Department as one of its executive branches.

16. Defendant **City** has established policies and procedures for its Police Department regarding the use of force, and regarding the provision of medical service to prisoners and detainees.

17. In establishing these procedures, Defendant **City** had a duty under the Fourth and Fourteenth Amendments to the Constitution of the United States to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that prisoners or detainees would be subjected to the use of excessive force by **City's** Police Department officers, or policies and procedures which created a substantial likelihood that the serious medical needs of prisoners or detainees would not be treated with reckless indifference by its agents, servants and employees employed by **City's** Police Department.

18. Notwithstanding its mentioned duties, Defendant **City** was guilty of one or more of the following wrongful acts or omissions to act, in violation of the Plaintiff's Constitutional rights, in that it:

   A. Allowed policies and procedures to continue in force and effect, which resulted in the use of outrageous and excessive force against Plaintiff?

   B. Had a custom and practice of failing to independently and adequately investigate complaints of excessive force,

   C. Had a custom and practice of failing to effectively discipline or retrain police officers, who wrongfully utilized excessive force,

   D. Failed to establish appropriate policies and procedures to address and correct the repeated use of excessive force by police officers in traffic stops,

   E. Allowed the continuance in force and effect of policies and procedures which failed to protect detainees who had sustained injury from the reckless indifference of **City's** agents, servants and employees in its Police Department to their serious medical needs.

19. As a direct and proximate result of one or more of the foregoing wrongful acts or omissions to act of Defendant **City,** the Plaintiff sustained a violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, severe and permanent injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and other diverse injuries.

   WHEREFORE, Plaintiff requests judgment against Defendant **City** in the amount of $250,000 as and for compensatory damages, plus attorney fees and costs as provided in 42 U.S.C.A. § 1988. **Plaintiff demands trial by jury.**

## COUNT FOUR
## STATE LAW CLAIM FOR COMMON LAW BATTERY

Plaintiff re-alleges the allegations of Paragraphs 1-19 of this Complaint as the allegations of this Count Four, as if fully set forth.

20. At all times material to this case, each of defendants John Does 1-6 and Lt. "John" Cain Defendant **Officers** was on duty as a **City** police officer and was acting in the scope of his employment by Defendant **City** as a police officer for the city of New York.

21. Defendant **Officers'** acts as described herein constitute a battery under the common law of New York.

22. Said acts of Defendant **Officers** were done without cause or provocation by Plaintiff, and with intent to cause Plaintiff injury.

23. As a direct and proximate result of Defendant **Officers'** acts as described herein, Plaintiff suffered severe and permanent injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation and other diverse injuries.

WHEREFORE, Plaintiff demands judgment against Defendant **Officers** and the City of New York, and each of them, damages in the amount of $250,000 plus Plaintiff's costs of suit.

## COUNT FIVE
## CLAIM FOR GROSS NEGLIGENCE OR WILLFUL AND WANTON MISCONDUCT

Plaintiff re-alleges the allegations of Paragraphs 1-23 of this Complaint as the allegations of this Count Five, as if fully set forth.

24. At all times material to this case, Defendant **Officers**, individually and as an agent, servant, and employee of Defendant **City**, had a duty to refrain from causing injury to Plaintiff through gross negligence or willful and wanton misconduct.

25. In breach of his or their duty to refrain from causing injury to Plaintiff through his/their gross negligence or willful and wanton misconduct, Defendant **Officer/s**, as agent/s, servant/s and employee/s of Defendant **City**, was/were guilty of one or more of the following grossly negligent and/or willful and wanton acts or omissions to act, in that Defendant **Officer/s**:

A. Willfully and wantonly or with gross negligence struck Plaintiff with blunt instruments without cause or provocation, although Defendant **Officer/s** knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to Plaintiff;

B. Willfully and wantonly or with gross negligence dragged Plaintiff from the automobile causing him to strike his arms and legs although Defendant **Officers** knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to Plaintiff;

C. Willfully and wantonly or with gross negligence threw Plaintiff onto the ground although Defendant officers knew or should have known that such conduct posed an unreasonable risk of causing serious injury to plaintiff;

D. Willfully and wantonly or with gross negligence pointed guns at plaintiff's head while yelling threatening expletives and forcefully kneeling him in the back; Plaintiff

    **E.** Willfully and wantonly or with gross negligence used excessive force in order to cause Plaintiff injury although Defendant **Officers** knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to Plaintiff; and

**26.** As a direct and proximate result of one or more of Defendant **Officers** wrongful acts or omissions to act, Plaintiff sustained severe and permanent injury to Plaintiff's person, pain, suffering, disability, loss of income, mental anguish, humiliation and other diverse injuries.

27. Failed and refused to prepare, file and or produce a police report memorializing the incident aforementioned.

    WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, in the amount of $250,000 as and for compensatory damages, punitive damages against Defendants, and each of them, in an amount sufficient to deter the described wrongful conduct in the future, and Plaintiff's costs of suit. **Plaintiff demands trial by jury.**

Respectfully submitted,

_____
**PLAINTIFF**

By: _____
**(Attorney)**
Attorney for Plaintiff

OF COUNSEL:

Thomas & Spikes, Esqs
111 Court Street, 2nd Fl
Brooklyn, New York **11201**
Telephone: 718-852-1899