UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

TERON MELVILLE,

                                           Plaintiff,

                  -against-

"JOHN DOES" 1-6, LT. "JOHN" CAIN POLICE
OFFICERS AND CITY OF NEW YORK,

                                           Defendants.

------------------------------------------------------------------- X

**ANSWER TO THE COMPLAINT BY DEFENDANTS CITY OF NEW YORK AND CAIN**

18-CV-4260 (CBA) (CLP)

**JURY TRIAL DEMANDED**

        Defendants City of New York and Lieutenant Kevin Cain, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, as follows:

        1.        Deny the allegations contained in paragraph "1" of the complaint except admit only that plaintiff purports to bring this action and proceed as stated therein.

        2.        Deny the allegations contained in paragraph "2" of the complaint, except admit only that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3.        Deny the allegations contained in paragraph "3" of the complaint, except admit only that plaintiff purports to base venue as stated therein.

        4.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the complaint.

        5.        Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the complaint as they relate to purported defendants John Does 1-6; admit only that, on January 30, 2016, Kevin Cain was employed by the New York City Police Department ("NYPD"). Further state that the allegations that Lieutenant Cain and purported

defendants John Does 1-6 were "acting within the scope of their employment and under color of state law" is a conclusion of law to which no response is required.

6. Deny the allegations contained in paragraph "6" of the complaint except admit only that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York and respectfully refer the Court to the New York City Charter, Administrative Code, and other applicable provisions of law for a recitation of the relationship between defendant City and the NYPD and the City's responsibilities incident thereto.

7. Deny the allegations contained in paragraph "7" of the complaint, except admit only that, on January 30, 2016, plaintiff was in a vehicle traveling in Brooklyn, New York.

8. Deny the allegations contained in paragraph "8" of the complaint, except admit only that, on January 30, 2016, members of the NYPD lawfully pulled over a motor vehicle occupied by plaintiff.

9. Deny the allegations contained in paragraph "9" of the complaint, except admit only that, on January 30, 2016, members of the NYPD lawfully stopped a vehicle occupied by plaintiff.

10. State that the allegations contained in paragraph "10" of the complaint are conclusions of law to which no response is required. Further object to and deny the embedded assertion that any member of the NYPD engaged in excessive force.

11. Deny the allegations contained in paragraph "11" of the complaint and all its subparts.

12. Object to and deny the embedded assertions that plaintiff was wrongfully battered or that any member of the NYPD engaged in wrongful acts and deny the remaining allegations contained in paragraph "12" of the complaint.

13. Object to and deny the embedded assertions that any member of the NYPD engaged in wrongful acts and deny the remaining allegations contained in paragraph "13" of the complaint.

14. Deny the allegations contained in paragraph "14" of the complaint.

15. In response to the allegations contained in the first unnumbered paragraph within the section entitled "Count Two Reckless Indifference to Plaintiff's Serious Medical Needs" on page 3 of the complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

16. In response to the allegations contained within the first unnumbered paragraph within the section entitled "Count Three Monetary Claim Against Defendant City" on page 3 of the complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

17. Deny the allegations contained in paragraph "15" of the complaint, except admit only that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York; that the City of New York maintains a police department; and further respectfully refer the Court to the New York City Charter, Administrative Code, and other applicable provisions of law for a full recitation of the relationship between the City and NYPD and the City's responsibilities incident thereto.

18. Deny the allegations contained in paragraph "16" of the complaint, except admit only that the NYPD has procedures regarding the use of force and provision of medical care to those within its custody.

19. The allegations contained in paragraph "17" of the complaint contain conclusions of law to which no response is required.

20. Deny the allegations contained in paragraph "18" of the complaint and all its subparts.

21. Object to and deny the embedded assertion that any member of the NYPD engaged in wrongful acts and deny the remaining allegations contained in paragraph "19" of the complaint.

22. In response to the allegations contained within the first unnumbered paragraph within the section entitled "Count Four State Law Claim for Common Law Battery" on page 4 of the complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

23. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "20" of the complaint insofar as they relate to John Does 1-6; admit only that, on January 30, 2016, Lieutenant Cain was a member of the NYPD and further state that the remaining allegations constitute conclusions of law to which no response is required.

24. Object to and deny the embedded assertion that any member of the NYPD engaged in the actions described in the complaint and further state that the allegations contained in paragraph "21" of the complaint constitute conclusions of law to which no response is required.

25. Object to and deny the embedded assertion that any member of the NYPD engaged in the actions described in the complaint and deny the remaining allegations contained in paragraph "22" of the complaint.

26. Object to and deny the embedded assertion that any member of the NYPD engaged in the actions described in the complaint and deny the remaining allegations contained in paragraph "23" of the complaint.

27. In response to the allegations contained within the first unnumbered paragraph within the section entitled "Count Five Claim for Gross Negligence or Willful and Wanton Misconduct" on page 5 of the complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

28. State that the allegations contained in paragraph "24" of the complaint constitute conclusions of law to which no response is required.

29. Deny the allegations contained in paragraph 25" of the complaint and all its subparts.

30. Object to and deny the embedded assertion that any member of the NYPD engaged in the actions described in the complaint and deny the remaining allegations contained in paragraph "26" of the complaint.

31. Deny the allegations contained in paragraph "27" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

32. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

33. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any acts of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

34. At all times relevant to the acts alleged in the complaint, defendants acted reasonably and properly in the lawful exercise of their discretion. Therefore, defendants are entitled to governmental immunity from liability on plaintiff's state law claims, if any.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

35. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of that of a third party, and was not the proximate result of any act of defendants City or Lieutenant Cain.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

36. To the extent plaintiff purports to state any claims under state law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law Sections 50(e), 50(h), and/or 50(i).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

37. To the extent plaintiff purports to state any claims under state law, any such claims are barred by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

38. To the extent plaintiff purports to state any claims under state law, plaintiff has failed to comply with conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

39. There was reasonable suspicion and/or probable cause for the stop and/or detention of plaintiff.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

40. Punitive damages are not recoverable against the City of New York. Punitive damages cannot be recovered against any other defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

41. Lieutenant Cain has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

42. To the extent any force was used, such force was reasonable, justified, and necessary.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

43. Plaintiff has failed to mitigate his alleged damages.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

44. Plaintiff has failed to state a claim under Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978).

**WHEREFORE,** defendants City of New York and Lieutenant Kevin Cain request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 18, 2019

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York and Cain*
100 Church Street, 3rd Floor
New York, New York 10007
(212) 356-3521

By: _____
Allyson N. Brown
*Assistant Corporation Counsel*
Special Federal Litigation Division

- 8 -

cc: **<u>BY ECF</u>**
James Thomas
Thomas & Spikes, Esqs.
111 Court Street, Suite 2R
Brooklyn, New York 11201
(718) 852-1899