

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MATTHEW W. McQUEEN**
Senior Counsel
phone: (212) 356-2423
fax: (212) 356-3509
email: mmcqueen@law.nyc.gov

September 10, 2019

BY ECF
Honorable Ann M. Donnelly
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  <u>Christol Keane v. The City of New York, et al.</u>, 18 CV 3765 (AMD) (JO)
            <u>Teron Melville v. The City of New York, et al.</u>, 18 CV 4260 (AMD) (JO)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, and the attorney assigned to represent Defendants City of New York and Lieutenant Cain in the above-referenced matters. Defendants write to respectfully request that the Court schedule a pre-motion conference, so that they may move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]

      In their respective complaints, plaintiffs allege §1983 claims of excessive force and deliberant indifference in connection with a traffic stop that occurred on January 31, 2016. Plaintiffs also allege federal municipal liability claims and state-law claims of battery and gross negligence or willful and wanton misconduct. All claims asserted by plaintiffs in the complaints should be dismissed on summary judgment.[2]

---

[1] In accordance with Your Honor's Individual Practices and Rules regarding motions for summary judgment, attached hereto are (1) Defendants' Rule 56.1 Statement, and (2) Plaintiffs' Counter-Statement.

[2] Defendants reserve the right to move on additional grounds not presented in this pre-motion letter application.

**Excessive Force**

When an "excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment . . . ." Graham v. Connor, 490 U.S. 386, 394 (1989). The United States Supreme Court has recognized, on many occasions, "that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof . . . ." Graham, 490 U.S. at 396 (citations omitted). Thus, "[d]etermining whether the force used to effect a particular seizure is 'reasonable' . . . requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. (citations omitted). In these cases, plaintiffs claim that police officers pulled them out of the car, and in Teron Melville's case, threw him to the ground. These claims in themselves are insufficient to maintain claims of excessive force.

Further, it is well-settled in this Circuit that the personal involvement of defendants in a constitutional violation is a prerequisite to an award of damages under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). Accordingly, such claims should also be dismissed as it is undisputed that Lieutenant Cain was not personally involved in the acts that plaintiffs allege in connection with their excessive force claims.

**Reckless Indifference to Plaintiffs' Medical Needs**

To hold defendants liable on a deliberate indifference claim for a failure to provide medical care, plaintiffs must prove both an objective requirement and a subjective requirement. To satisfy the objective requirement, plaintiffs must show not only that they were actually deprived of medical care, but also that such deprivation was sufficiently serious. Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 138 (2d Cir. 2013); Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006). To satisfy the subjective requirement, plaintiffs must show that defendants acted recklessly in their denial of medical care. To do so, plaintiffs must show that defendants denied medical care despite being aware aware that doing so subjected plaintiffs to a substantial risk of serious harm. Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009). For example, "medical malpractice is not tantamount to deliberate indifference," unless "the malpractice involves . . . a conscious disregard of a substantial risk of serious harm." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).

In the complaints, plaintiffs do not allege that they were deprived of any necessary medical care. In fact, plaintiffs have submitted no evidence that they requested medical care or were even in need of any medical care during the traffic stop. Accordingly, these claims must be dismissed.

**Municipal Liability Under Section 1983**

To hold defendant City liable under § 1983, plaintiffs must show that a policy or custom of the City caused a deprivation of their federal constitutional rights. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 690-91 (1978). However, plaintiffs' failure to sufficiently allege specific factual allegations of a municipal policy or custom on the part of the City that lead to the alleged constitutional violations, is fatal to plaintiffs' § 1983 Monell claim against the City. Khapesi v. City of New York, 13 Civ 4391 (KBF), 2014 U.S. Dist. LEXIS 79623, *17-*23 (S.D.N.Y. Jun.

2

10, 2014) (finding conclusory allegations of a municipal policy or practice insufficient to sustain a Monell claim). Here, the complaints allege in a conclusory, boilerplate fashion, the bare elements of a Monell claim without any factual support whatsoever that any alleged constitutional violations resulted from City policy or practices relating to excessive force or failure to provide medical care. Compl., ¶¶ 15-19; see, e.g., Brodeur v. City of New York, 99 Civ. 661, 2002 U.S. Dist. LEXIS 4500, at *7 (S.D.N.Y. Mar. 18, 2002) (court dismissing complaint against City where complaint "flatly asserts a policy but contains no factual allegations sufficient to establish a municipal policy or custom"); George v. Burton, No. 00 Civ. 143, 2001 U.S. Dist. LEXIS 24, at *5-6 (S.D.N.Y. Jan. 4, 2001) (court dismissing complaint with prejudice where plaintiff "failed to proffer any facts in his complaint from which we can infer such a pattern or practice"). Further, plaintiffs failed to adduce any evidence during discovery that could support such claims. Accordingly, plaintiffs' municipal liability claims should be dismissed.

### Time Barred State Law Claims

New York's General Municipal Law requires that suits against the City of New York or its employees must be "commenced within one year and ninety days after the happening of the event upon which the claim is based." N.Y. Gen. Mun. L. § 50-i(1). Based on the allegations in the complaints, plaintiffs' state law claims all accrued on or about April 30, 2017. However, plaintiffs failed to commence either of these actions until July 30, 2018, more than a year after the expiration of the statute of limitations. Accordingly, not only do plaintiffs' state law claims fail on their merits, but they should also be dismissed as time-barred by the statute of limitations.

### Conclusion

For the reasons described above, defendants respectfully submit that they have a good faith basis to move for summary judgment on all claims in the Complaints and respectfully request that the Court schedule a pre-motion conference.

Defendants thank the Court for its time and consideration in this regard.

Respectfully submitted,

Matthew W. McQueen
Special Federal Litigation Division

cc:   James Thomas, Esq. (by ECF & E-Mail)
      Kevin Spikes, Esq. (by E-Mail)
      *Counsel for Plaintiffs*