Thomas & Spikes, Esqs.
Attorneys at Law
111 Court Street, 2nd fl
Brooklyn, New York 11201
(718) 852-1899
(718)852-8093 fax

September 19, 2019

BY ECF
Honorable Ann M. Donnelly
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Christol Keane v. The City of New York, et al., 18 CV 3765(AMD)(JO)
Teron Melville v. The City of New York, et al., 18 CV 4260 (AMD)(JO)

Your Honor:

I am a partner in the firm of Thomas & Spikes, Esqs., attorneys for the Plaintiffs Christol Keane and Teron Melville in the above-referenced matters. Plaintiffs write to respond to defendants' letter of September 10, 2019 requesting that the court schedule a pre-motion conference, for the purpose of affording defendants the opportunity to move for summary judgment.

The underlying incident which gives rise to the plaintiffs respective actions seeking damages for defendants use of excessive force occurred on January 31, 2016, it is Plaintiffs' position that the claims asserted in those respective complaints should not be subject to summary judgment as there exists a dispute as to genuine issues of material fact.

Excessive Force

It is correct, that in order establish that the use of force to effect an arrest was unreasonable and therefore in violation of the Fourth Amendment, plaintiffs must establish that the government interests at stake were outweighed by "the nature and quality of the intrusion on (plaintiffs') Fourth Amendment interests." Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct 1865, 104 L.Ed.2nd 443(1989). The inquiry therefore "requires careful attention to the facts and circumstances of each particular case, including severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the police officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." id at 396. Here, plaintiffs were admittedly wrongfully stopped and detained because the license plate on their vehicle purportedly came back as belonging to a stolen motorcycle. The officers faced no threat since the vehicle windows were rolled down, the plaintiffs fully complied with police orders and the

plaintiff Christol Keane was in the back seat of the vehicle with her baby. Plaintiff Teron Melville was body slammed to the ground and violently handcuffed and Plaintiff Christol Keane had a pistol pointed less than a foot away from head and was yanked out of the vehicle while holding her child. Sufficient under the totality of the circumstances to establish excessive force.

To the contrary of defendants' position that defendant Cain was not personally involved plaintiff avers that defendant Cain was on the scene the entire time and even discussed the incident with the plaintiffs after their release. As the Lieutenant on scene and a supervising officer, he failed to take action to stem the excessive force of the police officers engaged. Amnesty America v. Town of West Hartford, 361 F. 3d 113.

### Municipal Liability Under Section 1983

Where plaintiffs allege that their rights were deprived not as a result of the enforcement of an unconstitutional official policy or ordinance, but by the unconstitutional application of a valid policy, or by a city employee's single tortious decision or course of action, the inquiry focuses on whether the actions of the employee in question may be said to represent the conscious choices of the municipality itself. Such an action constitutes the act of the municipality and therefore provides a basis for municipal liability where it is taken by, or is attributable to, one of the city's authorized policymakers. Penbaur v. City of Cincinnati, 475 U.S. At 481-82. 106 S.Ct.1292.

In the instant actions, it is undisputed that the City of New York Police Department utilized "plate scanners" as part of their law enforcement arsenal. Defendants' decision to both utilize that "plate scanner" and the level of force implemented against the plaintiffs with knowledge that the license plate that was scanned and served as the basis for the stop was attributed to a motorcycle and not the automobile that plaintiffs were riding serves a basis to attribute the use of excessive force to the Municipality.

### Reckless Indifference to Plaintiffs' Medical Needs and Time Barred State Law Claims

With these two claims, as with all respective claims made by the plaintiffs, defendants must establish that there are genuine issue of material facts that preclude plaintiffs from entitlement to a judgment as a matter of law. All ambiguities must be resolved in favor of the non-moving parties. See Scotto v. Almenas, 143 F.3d. 114 (2nd Cir.1998) The Court "is not to weigh the evidence but is instead required to review the evidence in light most favorable to the party opposing the summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Weyant v Okst. 101 F.3d. 845, 854(2nd Cir.1996).

As here and with respect to other claims made by defendants regarding the propriety of a motion for summary judgment. The defendants have failed to show that a motion for summary judgment is appropriate.

### Conclusion

For all the foregoing reasons, the plaintiffs respectfully request that defendants be denied the

opportunity to move for summary judgment and that the matter proceed to trial on the causes of action asserted by the plaintiffs.

Respectfully yours,

James Thomas, Esqs
Thomas & Spikes, Esqs.
Attorneys for Plaintiffs
111 Court Street, 2nd fl
Brooklyn, New York 11201
(718) 852-1899

ECF

Matthew W. McQueen, Esq.