## Table of Contents

TABLE OF AUTHORITIES…………………………………………….i

PRELIMINARY STATEMENT……………………………………… 1

 STATEMENT OF FACTS………………………………………...1

 STANDARD FOR SUMMARY JUDGMENT

ARGUMENT ……………………………………………………………3


POINT 1


    PLAINTIFFS' ARE ENTITLED TO EXCESSIVE FORCE CLAIMS
    DAMAGES AGAINST LIEUTENANT CAIN

    A. Lieutenant Cain was responsible as he was supervising officer who grossly
    failed to supervise his subordinates……………………………….5

    B.  Force used by officers was unreasonable……………………..6

    C.  No entitlement to Qualified Immunity………………………..7


POINT 11

    PLAINTIFFS' MUNICIPAL LIABILITY CLAIMS MUST

    STAND……………………………………………………………….9


Conclusion………………………………………………………………11

Table of Authorities

Page(s)

Cases

Anderson v. Liberty Lobby, Inc.,
 477 U.S. 242, 248 (1986)………………………………………….. 3

Amnesty America v. Town of West Hartford,
361 F.3d 113…………………………………………………….... 5

Ashcroft v. al-Kidd,
563 U.S. 731, 735 (2011)……………………………………….. 7

Bellows v. Dainack,
555 F.2d 1105 (2d Cir. 1977),…………………………………..9

Brock,
315 F.3d at 165-66………………………………………………5

Celotex Corp. v. Catrett,
477 U.S. 317, 325 (1986)…………………………………….… 4

Colon v. Coughlin,
58 F.3d 865, 873 (2d Cir.1995)………………………………….5

Emerson Enters., LLC v. Kenneth Crosby New York, LLC,
No. 03-Civ-6530, 2009 WL 3190445, at *7
(W.D.N.Y. Apr. 21, 2009)…………………………………….. 4

Graham v. Connor,
490 U.S.386, 396, 109 S.Ct 1865, 104 L.Ed.2nd 443
(1989)…………………………………………………………….6

Gummo v. Village of Depew,

75 F.3d 98, 107 (2d Cir. 1996))………………………………4

Lemon v. Miller,

66 F.3d 416, 426 (2nd Cir. 1995)………………………….8

McKenzie v. City of New York .

 17-CV-4899 (PAE), 2019 U.S. Dist. LEXIS 121937, 1t *29(S.D.N.Y,

July 22, 2019……………………………………………8

MSF Holding Ltd. v. Fiduciary Trust Co. Int'l,

435 F. Supp. 2d 285, 305 (S.D.N.Y) 2006………………… 3


Pembur v. City of Cincinatti,

475 U.S. at 481-82……………………………………….10


Reichle v. Howards,

566 U.S. 658 (2012)……………………………………..7

Robinson v. Via,

821 F.2d 913 (2d Cir. 1987),…………………………….8

U.S. Underwriters Ins. Co. v. Zeugma Corp.,

No. 97-Civ-8031, 1998 WL 633679, at *2

(S.D.N.Y. Sept. 15, 1998)………………………………..4

Wright v. Smith,

21 F.3d 496, 501 (2d Cir.1994))……………………………5

PRELIMINARY STATEMENT

This action emanates from events that took place on January 30, 2016, when plaintiffs while driving in an automobile were subjected to a police stop wherein they were surrounded by several police cars, and assailed by officers with drawn guns, physically removed from the automobile while being threatening, and verbally abused.

While the plaintiffs spoke to Lieutenant Cain after the events, Lieutenant Cain was at the scene during this incident and was the highest-ranking officer on site.

This action has been commenced seeking damages for the manner in which plaintiffs were detained and the unlawful use of force against them in making the initial stop. The plaintiffs therefore seek damages for Excessive Force and Municipal Liability against Lieutenant Cain and the City of New York.

**STATEMENT OF FACTS**

On January 30, 2016, at approximately 11:00 p.m. plaintiff's Teron Melville and Christol Keane were in a motor vehicle traveling in Northeast lane on Atlantic Avenue near the intersection with Vermont Street in Brooklyn, New York. New York City Police Department report dated 1/30/2016. Exhibit A to the Spikes Declaration. New shows the time of occurrence as "22:53:37": Melville Transcript 10:8-9; Keane Complaint.

Plaintiff Teron Melville while driving his cousin Christol Keane home noticed a cop car following them. Melville Transcript 10:9-15,

which had been following him for two blocks prior to the red light, where he was stopped. Melville Transcript 12:10-19. After continuing to drive, while being followed by this police car, all traffic was cut off at the intersection and Plaintiffs' Melville's car was surrounded by police cars. Melville Transcript 14.7-25.

After Melville's car was surrounded by police cars. He rolled his windows down as a precaution and the police officer's jumped out of the cars with their guns drawn. Melville Transcript pg. 15:2-25 Melville complied with the officer's commands to place his hands out of the window. Melville Transcript 16:14-21.

Once the police opened the door, one officer grabbed Melville and body slammed to the ground. Melville Transcript 17:25-18:3. The officer then put his knee into Melville's neck and handcuffed Melville. Melville complained to the officer that his actions were hurting him. Melville Transcript 19:9-14

While this was occurring, Plaintiff Keane was in the back seat of her car with her child, with a gun pointed less than twelve inches from her face, She was telling the officers not to shoot and telling them her baby was in the car. Keane Transcript 11:17-25.

Keane was yanked out of the car and not given an opportunity to properly cover her daughter from the car when she was yanked. Keane Transcript 12:8-18.

At the time of the occurrence, The New York City Police Department database contained no information that an automobile- Infiniti G37, year 2009, Vin: JMKCV61F69M364495, bearing NY plates had ever been reported stolen. Melville Transcript, 29:13-30:1: Cain Declaration,

That at the time of the occurrence, the Infiniti G37, year 2009, Vin: JMKCV61F69M364495 was properly and legally registered to the Plaintiff Teron Melville. Melville Transcript 20:17-25: Exhibit A to Spikes Declaration New York City Department Report dated 1/30/2016.

That the license plate found on plaintiff's Melville automobile, at time occurrence was standard issue for a New York Passenger automobile. Exhibit A to Spikes Declaration, New York City Police Department Report dated 1/30/2017.

That the stolen plate number relied upon by the police to justify the stop was attributable to a motorcycle reported stolen on October 26, 2012. (Omniform System Complaint Report, Exhibit G to the McQueen Declaration, DEF000018-19).

Defendant Lieutenant Cain was on the scene during Plaintiffs' stop and detention (Melville Transcript 15:12 – 16:10); Defendants' Initial Disclosure Pursuant to Rule 26(a)(1)(A) - i (3) Exhibit C to Spikes Declaration)

**STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is only appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Whether a fact is "material" is determined by the substantive law defining the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Where parties on a summary judgment motion do not dispute a dispositive material fact, and merely disagree as to the consequence of that undisputed fact under the law, a question of law is presented for the court's interpretation

and the court could not be on firmer ground in granting summary judgment as a matter of law." MSF Holding Ltd. v. Fiduciary Trust Co. Int'l, 435 F. Supp. 2d 285, 305 (S.D.N.Y. 2006). See also U.S. Underwriters Ins. Co. v. Zeugma Corp., No. 97-Civ-8031, 1998 WL 633679, at *2 (S.D.N.Y. Sept. 15, 1998) ("Summary judgment is appropriate where all facts are undisputed and only questions of law remain to be decided.").

"'In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim.'" Emerson Enters., LLC v. Kenneth Crosby New York, LLC, No. 03-Civ-6530, 2009 WL 3190445, at *7 (W.D.N.Y. Apr. 21, 2009) (quoting Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996)). See also Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

## POINT I

## PLAINTIFF'S ARE ENTITLED TO DAMAGES FOR EXCESSIVE FORCE CLAIMS AGAINST DEFENDANT

Plaintiffs Melville and Keane were subjected to a stop of the vehicle they were riding in with guns drawn and verbal threats being made against them. Lieutenant Cain was involved in the incident as he was present during its occurrence and was the ranking officer on the scene.

A. **Lieutenant Cain was sufficiently involved in the occurrence that he should be liable for damages as a result of the use of excessive force.**

It is undisputed that Lieutenant Cain was the highest-ranking officer on the scene. The defendants allege Cain appeared only after the stop occurred and was therefore not personally involved. However, plaintiff Melville witnessed his presence during the incident and Defendants' disclosures state that he was present during the stop and detainment. The acts that are the essence of this lawsuit occurred after the stop was made.

As the Lieutenant on the scene and a supervising officer, he failed to take action to stem the excessive force of the police officers engaged. Amnesty America v. Town of West Hartford, 361 F.3d 113.

The liability of a supervisor under §1983 can be shown in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.   See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir.1995) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir.1994)); see also Brock, 315 F.3d at 165-66.

In the instant action, defendant Cain was grossly negligent in supervision of his subordinates on the scene. Plaintiff Melville was pulled out of the vehicle and body

slammed while guns were pointed at him and obscenities screamed and at least one officer's knee thrust into his back and plaintiff Keane was yanked out of vehicle with a gun pointed at her head and obscenities screamed in her face all while her baby is being physically removed from her arms.

B.  **The level of force utilized by the other officers on the scene was unreasonable**.

First, Plaintiffs' disagree with defendant's contention that the reason that the plaintiffs' car was stopped was because the license plate scanner alerted the officers that plaintiff's vehicle may have been stolen. It is undisputed that that license plate number "SW3RVE" came back as a stolen plate number. But, only as to a motorcycle, not to an automobile and not to the automobile driven by the plaintiffs that day.

Accordingly, the officers' actions were unreasonable. Defendants acknowledge that the plate number was the same as that of the tags of a motorcycle that had been previously reported stolen and that is the reason the plate reader reacted. It is indisputable that cars and motorcycles standard size tags are not the same size. It is also indisputable that a car cannot be mistaken for a motorcycle. Nevertheless, the officers decided to engage in a "felony stop" guns drawn, pointed at the occupants, all while the plaintiffs vehicle's windows were lowered, giving officers a view into the car.

In order to establish that the use of force to effect an arrest was unreasonable and therefore in violation of the Fourth Amendment, plaintiffs must establish that the government interests at stake were outweighed by the nature and quality of the intrusion on (plaintiffs') Fourth Amendment interests. " Graham v. Connor, 490 U.S.386, 396, 109 S.Ct 1865, 104 L.Ed.2nd 443(1989). The inquiry therefore "requires careful attention to the facts and circumstances of each particular case, including severity of the crime at issue, whether the suspect poses an immediate threat to safety of the police officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.: id at 396. Here plaintiffs were admittedly wrongfully stopped and detained because the license plate on their vehicle purportedly came back as belonging to a stolen motorcycle. The officers faced no threat since the vehicle windows were rolled down, the plaintiffs fully complied with police orders and plaintiff Christol Keane was in the back seat of the vehicle with her baby.

Nevertheless, Plaintiff Teron Melville was body slammed to the ground and violently handcuffed and plaintiff Christol Keane had a pistol pointed less than a foot away from her head and was yanked out of the vehicle while holding her child. Sufficient we believe under the circumstances to establish excessive force.

C. **Defendants are not entitled to Qualified Immunity.**

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." Reichle v. Howards, 566 U.S. 658 (2012) (citing

Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011)). "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." Id. at 664 (citing al-Kidd, 563 U.S. at 741) (quotations omitted). Controlling authority serves to put officials on notice of what is unlawful; however, "existing precedent must have placed the statutory or constitutional question beyond debate." al-Kidd, 563 U.S. at 741.

The level of force utilized against the plaintiffs constitutes shear brutally. Plaintiff Melville was body slammed into the ground with guns pointed at him and a knee squarely in his back and Plaintiff Keane was threatened with guns inches away from her face with her baby in her arms. This all resulted from the police officers stop as a result of a plate reader which indicated that the number of the license plate on their vehicle was reported stolen. Albeit, the vehicle referenced as having been stolen was a motorcycle and not the car plaintiffs were riding in.

Defendants fail to allege that plaintiffs' attempted to flee, resist arrest or placed the officers or anyone else in danger, since plaintiff's vehicle was boxed in prior to the physical abuse, threats and gun waving that took place by the officers. The use of the level of force employed was unreasonable. This is unlike the circumstances in Lemon v. Miller, 66 F.3d 416, 426 (2nd Cir. 1995) where an officer yanked plaintiffs hand off the ignition andforcibly removed her from the vehicle. Nor is it similar to the facts in McKenzie v. City of New York . 17-CV-4899 (PAE), 2019 U.S. Dist. LEXIS 121937, 1t *29(S.D.N.Y, July 22, 2019) where when the plaintiff alleged to only have been pulled out of vehicle and shoved against the side of car, the court deemed those allegations insufficient to stave off qualified immunity defense.

The facts here are similar to those found in Robinson v. Via, 821 F.2d 913 (2d Cir. 1987), a decision vacating a district court's summary judgment award in favor of a defendant state police officer on a § 1983 claim. Summary judgment in favor of the officer was not proper, this Court held, due to the plaintiff's testimony that the officer "'pushed' her against the inside of the door of her car, 'yanked' her out, 'threw [her] up against the fender,' and 'twisted [her] arm behind [her] back.' " Id. at 923-24. The plaintiff also "testified that she suffered bruises lasting a 'couple weeks.' " Id., and to the facts found in Bellows v. Dainack, 555 F.2d 1105 (2d Cir. 1977), in which the plaintiff contended that defendant police officers twisted his arm and pushed him into a police car; he further alleged that an officer in the front seat pulled him by the scruff of his neck and struck him in the ribs while the plaintiff was sitting in the back seat. Id. at 1106.

Lieutenant Cain was present at the scene during the stop and detention and was grossly negligent in failing to supervise his subordinates on the scene, who egregiously assailed the plaintiffs in this unreasonable and overwrought manner. A reasonable jury could see that the actions of the officers in treating the plaintiffs so harshly and Lieutenant Cains' failure to rein those officers in was unreasonable under the circumstances.

POINT 11

**Defendants are not entitled to an award of summary judgment on plaintiffs' municipal liability claims**

Where plaintiffs' allege that their rights were deprived not as a result of the enforcement of an unconstitutional official policy or ordinance, but by the

unconstitutional application of a valid policy, or by a city employee's single tortious decision or cause of action, the inquiry focuses on whether the actions or the employee in question may be said to represent the conscious choices of the municipality itself. Such an action constitutes the act of the municipality and therefore provides a basis for municipal liability where it is taken by, or is attributable to, one of the city's authorized policymakers. Pembur v. City of Cincinatti, 475 U.S. at 481-82. 106 S.Ct.1292.

Defendants utilize "plate scanners" as part of their daily operation. These devices are part of the patrol arsenal and having afforded the police department the ability to make investigatory stops based upon output received from these devices.

A decision was made by an individual in authority to interpret the information received from this plate scanner that led to a horrific experience for the plaintiffs. Plaintiffs were subjected to physical harm, verbal and mental abuse, as previously set forth. The latitude with respect to the use of force by these officers is a decision made in the field and in this action left in the hands of Lieutenant Cain and it can be said that his decision to allow the officers to act as they did represent the conscious choice of the municipality.

## CONCLUSION

For the reasons set forth above, the order appealed from should be affirmed, with costs and any other relief this Court deems just and proper.

Dated: January 14, 2020
      New York, New York

                                      Respectfully submitted,

                                      KEVIN H. SPIKES
                                      Attorney for Plaintiffs

                                    _____
                                  By: Kevin H. Spikes, Esq.
                                      111 Court Street, 2nd fl.
                                      Brooklyn, New York 11201
                                      (718) 852-1899

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- CV 18 3765

CHRISTOL KEANE,

                            Plaintiff

-against-

"JOHN DOES:" 1-6 POLICE OFFICERS

OF THE CITY OF NEW YORK and LT.

"JOHN" CAIN and THE CITY OF NY,

                            Defendants

TERON MELVILLE,

                            Plaintiff

-against-

JOH"JOHN DOES:" 1-6 POLICE OFFICERS

OF THE CITY OF NEW YORK and LT.

"JOHN" CAIN and THE CITY OF NY,

                            Defendant

-----------------------------------------------------------------

OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

1