UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

CRISTOL KEANE,

                                      Plaintiff,

-against-

"JOHN DOES" 1-6, POLICE OFFICERS AND
LT. "JOHN" CAIN AND CITY OF NEW YORK,

                                      Defendants.

**DEFENDANTS' INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)(A)**

18-CV-3765 (AMD) (JO)

------------------------------------------------------------------ X

        Defendants City of New York and Lieutenant Kevin Cain, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, pursuant to the Court's Order dated November 28, 2018 and Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, hereby submit for their Initial Disclosures as follows:

    i.    The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

        1. Cristol Keane (*Plaintiff*);

        2. Teron Melville (*Occupied the same vehicle as Plaintiff that was stopped by NYPD officers on January 30, 2016*);

        3. Lieutenant Kevin Cain, New York City Police Department, 75th Precinct, 1000 Sutter Avenue, Brooklyn, New York 11208 (*Present for Plaintiff's stop and detention on January 30, 2016*);[1]

        4. Police Officer Christopher Dalto, Shield No. 5804, New York City Police Department, 75th Precinct, 1000 Sutter Avenue, Brooklyn, New York 11208 (*Present for Plaintiff's stop and detention on January 30, 2016*);

        5. Police Officer Tyrone Gill, Shield No. 20089, New York City Police Department, 75th Precinct, 1000 Sutter Avenue, Brooklyn, New York 11208 (*Present for Plaintiff's stop and detention on January 30, 2016*);

---

[1] Any communication with any current or former New York City Police Department employee, or any New York City agency or agent regarding this matter or the underlying incident, should be made through counsel.

6. Sergeant John Marchello, Retired, New York City Police Department, One Police Plaza, Room 110C, New York, New York 10038 (*Present for Plaintiff's stop and detention on January 30, 2016*);

7. Police Officer James Dadabo, Resigned, New York City Fire Department Firehouse, 159-06 Union Turnpike, Queens, New York 11366 (*Present for Plaintiff's stop and detention on January 30, 2016*);

8. Lieutenant Robert Dandrea, New York City Police Department, Patrol Borough Queens North – Specialized Units, 137-58 Northern Boulevard, Queens, New York 11354 (*Present for Plaintiff's stop and detention on January 30, 2016*);

9. Police Officer Francesco Iorio, Shield No. 5463, New York City Police Department, 75th Precinct, 1000 Sutter Avenue, Brooklyn, New York 11208 (*Present for Plaintiff's stop and detention on January 30, 2016*);

10. Defendants incorporate individuals identified in the documents annexed hereto and any supplemental disclosures; and

11. Defendants incorporate any individuals identified by plaintiff in her initial disclosures and any supplemental disclosures.

ii. A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

1. New York Police Department UF250 Form for Plaintiff's stop on January 30, 2016, bearing Bates Stamp Nos. DEF000001 through DEF000002;[2]

2. New York Police Department Photos of Vehicle involved in Plaintiff's stop on January 30, 2016, bearing Bates Stamp Nos. DEF000003 through DEF000004;

3. New York Police Department Sprint Report for Plaintiff's stop on January 30, 2016, bearing Bates Stamp Nos. DEF000005 through DEF000007;

4. Roll Call for the 75th Precinct for January 30, 2016, bearing Bates Stamp Nos. DEF000008 through DEF000017; and

5. Complaint Report, No. 2012-049-007338, for a stolen motorcycle on October 26, 2012, bearing Bates Stamp Nos. DEF000018 through DEF000019.

---

[2] Defendants redacted from these disclosures weblinks, the complainant/victim's date of birth and contact information on grounds of privacy and security.

iii. A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

1. Not applicable.

iv. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

1. Not applicable.

Dated: New York, New York
January 23, 2019

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York and Cain*
100 Church Street, 3rd Floor
New York, New York 10007
(212) 356-3521

By: _____
Allyson N. Brown
*Assistant Corporation Counsel*
Special Federal Litigation Division

To: **BY HAND DELIVERY**
James Thomas
Thomas & Spikes, Esqs.
*Attorney for Plaintiff*
111 Court Street, Suite 2R
Brooklyn, New York 11201
(718) 852-1899